UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MORALES,

           Plaintiff,

vs.                                Case No. 2:09-cv-694-FtM-29SPC

DR. LAMOUR,

           Defendant.
_____

### **ORDER OF DISMISSAL**

I.

This matter comes before the Court upon periodic review of the file. William Morales, a *pro se* plaintiff who is currently civilly detained pursuant to the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act[1] at the Florida Civil Commitment Center ("FCCC"), initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* (Doc. #2) in this action.

II.

Despite Plaintiff's non-prisoner status, before the Court grants Plaintiff's motion for leave to proceed *in forma pauperis*, the Court is required to review the Complaint to determine whether

---

[1]The Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act (hereinafter "SVP Act") is located at Fla. Stat. §§ 394.910-394.913.

the complaint is frivolous, malicious or fails to state a claim.[2]
See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  In essence, § 1915(e)(2)
is a screening process, to be applied *sua sponte* and at any time
during the proceedings.  Dismissal for failure to state a claim is
appropriate when the facts as pled to not state a claim for relief
that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. ___,
129 S. Ct. 1937, 1950 (2009)(involving a Rule 12(b)(6) dismissal);
Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008)(involving a
section 1915(e)(2)(B)(ii) dismissal).  The Court, nonetheless, must
read Plaintiff's *pro se* allegations in a liberal fashion.  Hughes
v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003).

A complaint filed *in forma pauperis* which fails to state a
claim under Federal Rule of Civil Procedure 12(b)(6) is not
automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328
(1989).  Rather, the test for granting a § 1915 dismissal is
whether the claim lacks arguable merit either in law or fact.  Id.
at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309
(11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001).

---

[2]The Court recognizes that certain portions of the Prison Litigation Reform Act are not applicable to Plaintiff as a civil detainee. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). The United States Court of Appeals for the Eleventh Circuit previously found that a district court did not error by dismissing a complaint filed by a civil detainee for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. Section 1915 (e)(2)(B). *Id.* at 1260. Other Courts have also found that section 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001)

Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

III.

The Complaint alleges that Plaintiff's rights protected under the First and Fourteenth Amendments to the United States Constitution were violated by Defendant Doctor Lamour at the FCCC. Complaint at 2. Plaintiff alleges that Doctor Lamour retaliated against him by falsifying a disciplinary report, thereby causing Plaintiff to be held in confinement. Id. Plaintiff avers that Doctor Lamour retaliated against Plaintiff because he had previously filed grievances against the medical department when Plaintiff was not provided with a medical diet. Id. In relevant part, Plaintiff states "Dr. Lamour's action, i.e., lying about being struck by the tray was direct retaliation for the grievances that [plaintiff] has filed against the medical department." Id.

IV.

Section 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To articulate a claim under § 1983, plaintiff must allege

that (1) defendant deprived him of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F. 2d 1370, 1380-1381 (11th Cir. 1982).

Here, Plaintiff alleges he experienced retaliation in violation of the First Amendment. "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To state a First Amendment claim, a plaintiff must show: (1) "that his speech or act was constitutionally protected"; (2) "that the defendant's retaliatory conduct adversely affected the protected speech"; and (3) "that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005).

The Court finds the Complaint fails to state a claim. In particular, an essential element of a First Amendment retaliation claim is the existence of a retaliatory motive. See Gattis v.

Brice, 136 F.3d 724, 726 (11th Cir. 1998) (stating "[t]o succeed in a section 1983 suit based on a claim of retaliation for speech, the plaintiff must show that his speech was a 'substantial' or 'motivating' factor in the allegedly retaliatory decision."). Thus, in the instant case, Plaintiff must be able to demonstrate a "causal connection" between the adverse action taken against Plaintiff and the exercise of Plaintiff's free speech rights. Farrow v. West, 320 F.3d 1235, 1240 (11th Cir. 2003); see also Osterback v. Kemp 300 F. Supp. 2d 1238 (N.D. Fla. 2003). Plaintiff must do more than make "general attacks" upon a defendant's motivations and must articulate "affirmative evidence" of retaliation to prove the requisite motive. Crawford-El v. Britton, 523 U.S. 574, 600 (1998) (citations omitted).

In the Complaint *sub judice*, Plaintiff alleges no facts to support a retaliatory motive, other than his own wholly conclusory allegations, that Defendant Doctor Lamour's actions were retaliatory in nature. Courts are not to infer causation or construe legal conclusions as facts. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242 (11th Cir. 2005); see also Smith v. Fla. Dep't of Corr., 2010 WL 1377351 *5 (11th Cir. 2010)(affirming district court's 1915(e)(2)(b)(ii) dismissal when complaint contained only conclusory allegations of a retaliatory motive). Plaintiff using general terms alleges that he previously filed grievances concerning "GEO" or the "medical department," but

does not allege these grievances involved Doctor Lamour.  There are no facts in the Complaint indicating that Doctor Lamour was even aware of the grievances Plaintiff previously filed concerning his nutrition needs.  Consequently, the Court find Plaintiff's Complaint fails to state a claim against Defendant Doctor Lamour. Plaintiff's motion for leave to proceed *in forma pauperis* is denied.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(b)(ii).

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #2) is **DENIED.**

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   19th   day of July, 2010.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record